Margaret M. Vierbuchen
Wyoming State Bar No. 8-6767
Assistant United States Attorney
United States Attorney's Office for the District of Wyoming
P.O. Box 668
Cheyenne, WY 82003
(307) 772-2124
Margaret.Vierbuchen3@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 22-CR-28-J |
| **JOSEPH BEECHER,** | |
| Defendant. | |

**GOVERNMENT'S REQUEST FOR ADDITIONAL INQUIRY OF THE DEFENDANT AT THE APRIL 25, 2024, *FARETTA* HEARING**

The United States respectfully submits this request for the Court to conduct additional inquiry of the Defendant at the upcoming hearing on Thursday, April 25, 2024.

### I.    Background

On April 18, 2024, the Court held a competency hearing and found the Defendant was competent to stand trial. At the conclusion of this uncontested competency hearing, Defense counsel alerted the Court the Defendant wanted to represent himself. The Court proceeded to conduct a *Faretta* Hearing. However, prior to making any finding as to whether the Defendant knowingly and voluntarily waived the right to counsel, the Court continued the *Faretta* hearing

1

to April 25, 2024, to allow the Defendant additional time to reflect on his desire to represent himself in light of the Court's admonitions on the dangers of self-representation.

**II.**     **Law**

The Defendant has a Sixth Amendment right to waive appointed counsel and proceed *pro se*. *Faretta v. California*, 422 U.S. 806 (1975).  The right however is not absolute, and a court may deny a defendant's request to proceed *pro se* or revoke the right in certain circumstances as discussed below. Before a defendant is permitted to represent himself, *Faretta* requires the district court to make a record reflecting that the defendant's waiver of his right to counsel is knowing and intelligent and the defendant has an understanding of the magnitude of the undertaking and the hazards inherent in self-representation. *See Von Moltke v. Gillies*, 332 U.S. 708, 723 (1948). A defendant's request to represent himself must be "clear and unequivocal." *United States v. Treff*, 924 F.2d 975, 978 (10th Cir. 1991) (citation omitted).  Courts presume a defendant desires legal representation.  *See United States v. Simpson*, 845 F.3d 1039, 1046 (10th Cir. 2017) (citing *Brewer Williams*, 430 U.S. 387, 404 (1977)).  Because of this strong presumption against waiver of legal representation, the Supreme Court has stated:

> To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

*Von Moltke*, 332 U.S. at 723–24.  A waiver is knowing and intelligent if the defendant "was reasonably informed by the court of the hazards of self-representation and had sufficient understanding of those hazards." *United States v. Turner,* 287 F.3d 980, 984 (10th Cir. 2002). It is the responsibility of the trial judge to ensure that a waiver is knowing and intelligent. *Id.* at

983. The Tenth Circuit has identified the *Von Moltke* factors above as the ideal inquiry, *United States v. Willie,* 941 F.2d 1384, 1388 (10th Cir. 1991), while also acknowledging that there is no precise litany of questions a court must ask a defendant seeking to waive the right to counsel, *Turner,* 287 F.3d at 983. Instead, "the court should question the defendant as long and as thoroughly as the circumstances of the case demand." *United States v. Hansen,* 929 F.3d 1238, 1250 (citing *Von Moltke,* 332 U.S. at 723–24). "The information a defendant must possess in order to make an intelligent election . . . will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." *Iowa v. Tovar*, 541 U.S. 77, 88 (2004).

A defendant's right to represent himself, however, is not absolute and may be terminated by a court should the defendant "engage[] in serious and obstructionist misconduct," and a court "may—even over objection by the accused—appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *Faretta*, 422 U.S. at 834 n. 46. Standby counsel may assist, over a defendant's objections, in "explain [ing] and enforc[ing] basic rules of courtroom protocol or . . . overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals." *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984). But the right to self-representation is eroded if standby counsel is allowed, over the defendant's objection, "to make or substantially interfere with any significant tactical decisions, or to control the questioning of witnesses, or to speak instead of the defendant on any matter of importance." *Id.* at 178.

With this legal backdrop, the United States respectfully requests the Court make the following additional inquiries of the Defendant to ensure that he appreciates "the hazards and

disadvantages of self-representation" should the Defendant continue to express a desire to represent himself:

1. Confirm the Defendant is satisfied with the representation provided by his present counsel, and his request to proceed *pro se* is not the result of any complaints he has about present counsel.[1]

2. During the April 18, 2024, hearing, the Court advised the Defendant of the maximum penalties if convicted and the Defendant confirmed he was aware of the Sentencing Guidelines and their impact on his sentence if he is found guilty. The Defendant should be further advised, that if convicted and once released from prison, he will serve a term of supervised release, which should be further explained to the Defendant. The Defendant should be further advised the Court could order him to pay restitution, if convicted.

3. During the April 18, 2024, hearing, the Court asked the Defendant if he understands that if he represents himself, he is on his own and the Court cannot advise him or help him. Defendant replied that he understood but asked for "side counsel" for guidance on procedural issues, if possible. In response, the Court stated it intended to appoint Mr. Fleener as standby counsel, not to advise him or provide legal advice, but for the sole purpose of taking over the proceedings, should the Defendant fail to follow federal rules

---

[1] Although the Defendant does not have an absolute right to counsel of his choice, nor a right to have counsel follow his instructions to the letter, see *United States v. Padilla*, 819 F.2d 952 (10th Cir. 1987), this question is intended to determine whether Defendant's election to proceed *pro se* is knowing and voluntary, and not the result of unstated concerns over the competency of appointed counsel or unstated irreconcilable differences with appointed counsel that might otherwise lead the Court to consider appointing substitute counsel. *See id.* at 955 ("A defendant forced to choose between incompetent or unprepared counsel and appearing *pro se* faces "a dilemma of constitutional magnitude.")

and practice. Defendant's request for "side counsel," does not appear to be a request for hybrid representation (simultaneous self-representation and representation by counsel). The Defendant has no constitutional right to hybrid representation, *McKaskle*, 465 U.S. at 183, but a Court, in its discretion, may permit it. *See Treff*, 924 F.2d at 979 n.6. The United States is requesting the Court clarify with the defendant that his request for "side counsel" was a request for standby counsel for the limited purpose of answering procedural questions. The United States has no objection to this request, as long as it is limited to procedural questions at any hearing or trial, and does not involve proactive representation and participation by standby counsel.

4. This Court has previously informed the Defendant that he would be required to comply with federal procedural and evidentiary rules. The Defendant should be warned that self-representation will result in limited access to investigators, law books and other legal resources.

5. The Court previously advised Defendant the government is represented by a trained, skilled prosecutor who is experienced in criminal law and court procedures. Unlike the prosecutor he will face in this case, he will be exposed to the dangers and disadvantages of not knowing the complexities of pretrial motions practice and required pretrial filings. For instance, in light of the intervening issues of competency and sanity, many of the deadlines in the Court's Discovery and Scheduling Order will need to be reset. As such, in addition to the dangers of representing himself at trial, there are significant pretrial matters and deadlines the Defendant will need to be aware of and comply with. Those deadlines include deadlines for pre-trial motions, including any affirmative defenses, exhibit and witness lists, voir dire, jury instructions, defense discovery obligations, and

defense expert witness deadlines.  Does the Defendant understand that he will be required to meet these deadlines and follow all the federal rules, procedures and applicable case law for complying with these deadlines? And, that failure to meet these deadlines may have an impact on what evidence will be admissible at trial? Additionally, his failure to comply with these deadlines or make required pretrial motions may impact what issues are preserved or protected for any appeal?

6. The Defendant should be advised that he will be required to meet the standards of a practicing attorney in dealing with courtroom procedures and in conducting himself in the courtroom.  His failure to comply with these rules, may result in the Court determining he has waived the right to represent himself.

7.  Additionally, as it relates to trial, does the Defendant understand he will be required to know the complexities of jury selection, what constitutes a permissible opening statement to the jury, what is admissible evidence, what is appropriate direct and cross examination of witnesses, what objections and motions you must make during the trial to permit you to make post-trial motions and protect your rights on appeal, and what constitutes appropriate closing argument to the jury.

8. Whether any threats or promises have been made by anyone to influence the Defendant's decision.

**DATED** this 24th day of April 2024.

                                                Respectfully submitted,

                                                NICHOLAS VASSALLO
                                                United States Attorney

                                By:    */s/ Margaret M. Vierbuchen*
                                          MARGARET M. VIERBUCHEN
                                          Assistant United States Attorney

## CERTIFICATE OF SERVICE

This is to certify that on the 24th day of April, 2024, I served a true and correct copy of the foregoing document upon counsel of record for the Defendant via CM/ECF.

*/s/ Lisa Wait*