

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 1:22-CR-00028-ABJ |
| JOSEPH LEE BEECHER, | |
| Defendant. | |

### ORDER ON DEFENDANT'S REQUEST TO WAIVE HIS CONSTITUTIONAL RIGHT TO THE ASSISTANCE OF COUNSEL AND REPRESENT HIMSELF IN THE CRIMINAL PROCEEDING BEFORE THIS COURT

**THIS MATTER** comes before the Court following Joseph Lee Becher's ("Mr. Beecher" or "Defendant") request to waive representation in his criminal case pending before this Court. After holding a competency hearing and a *Faretta* hearing, we find that Mr. Beecher has knowingly, intelligently, and voluntarily elected to waive his constitutional right to assistance of counsel. Therefore, Mr. Beecher's request to waive his right to counsel is **GRANTED**, and he shall represent himself during the remainder of this matter. Further, we hereby appoint his former counsel, Thomas A. Fleener, to serve as standby counsel in the event Mr. Beecher fails to abide the federal rules, the directives of this Court, or otherwise waives his right to self-representation. Finally, we **ORDER** officials of the Scotts Bluff County Detention Center to grant Mr. Beecher reasonable access to materials and the law library to aid in his preparation for trial.

### LEGAL STANDARD & DISCUSSION

As is well settled, defendants have a Constitutional right to forgo the assistance of their appointed counsel and represent themselves. *See Faretta v. California*, 422 U.S. 806, 807 (1975). While the right is not absolute, the Tenth Circuit has noted, "the Constitution does not force a lawyer upon a defendant. He may waive his Constitutional right to assistance of counsel if he knows what he is doing and his choice is made with eyes open." *United States v. Hansen*, 929 F.3d 1238, 1248–49 (10th Cir. 2019). This "eyes open" standard has manifested itself in a two-part test.[1] First, we inquire "whether the defendant voluntarily waived his right to counsel." *Id.* at 1249 (citation and internal quotation marks omitted). And secondly, we must determine whether the waiver is made "knowingly" and "intelligently." *Id.*

"The first part of the test—voluntary waiver of a right to counsel—'turns on whether the defendant's objections to his counsel are such that he has a right to new counsel.'" *United States v. Nissen*, 555 F. Supp. 3d 1174, 1195 (D.N.M. 2021) (quoting *United States v. Taylor*, 113 F.3d 1136, 1140 (10th Cir. 1997)). The court "must be confident [that] the defendant is not forced to make a 'choice' between incompetent counsel or appearing pro se." *Taylor*, 113 F.3d at 1140 (citation and quotation marks omitted). "Thus, unless a defendant establishes good cause entitling him to the appointment of new counsel, the defendant's decision to waive counsel will be deemed voluntary." *Id.*

---

[1] There is an additional consideration, which is often stated as whether the request or motion is timely and not made for purposes of delay. *See United States v. Tucker*, 451 F.3d 1176, 1180 (10th Cir. 2006). However, we do not find this factor to be at play in our consideration of Mr. Beecher's request, for his request is timely given his circumstances, and his request is not for purposes of delay but is the result of his sincerely held desire to represent himself.

2

In this case, Mr. Beecher is not displeased with his counsel. In fact, he assured the Court that his representation has been satisfactory thus far.[2] In this respect, we do not find Mr. Beecher is forced to choose between incompetent counsel and appearing pro se, but rather, he is making the voluntary choice to forgo competent representation and try his luck at representing himself. *See id.* Additionally, Mr. Beecher has not requested new counsel be appointed for him. Therefore, we find Mr. Beecher has voluntarily elected to waive his right to assistance of counsel thus satisfying the first part of the test.

The second part of the test—knowingly and intelligently waving the right to counsel—"is different from making a wise decision." *Turner*, 287 F.3d at 984. That is, the Court cannot force a lawyer "upon a defendant who wishes to waive his right to counsel even if self-representation would be detrimental." *Id.* (citing *Faretta*, 422 U.S. at 834). "Before a court may grant a waiver, it must ensure the defendant is 'aware of the dangers and disadvantages of self-representation.'" *United States v. Williamson*, 859 F.3d at 862 (quoting *Maynard v. Boone*, 468 F.3d 665, 676 (10th Cir. 2006)). The knowing-and-intelligent standard requires courts to reasonably inform the defendant of the hazards that await even the most intelligent of pro se defendants if they choose to eschew the assistance of counsel. *See Iowa v. Tovar*, 541 U.S. 77, 88–89 (2004).

The "tried-and-true" means to forewarn the defendant is, in essence, a colloquy wherein the court "conduct[s] a thorough and comprehensive formal inquiry of the defendant on the record to demonstrate that the defendant is aware of the nature of the

---

[2] Mr. Beecher indicated that it is not *his* lawyer that he takes issue with, but *all* lawyers.

charges, the range of allowable punishments and possible defenses, and is fully informed of the risks of proceeding pro se." *United States v. Willie*, 941 F.2d 1384, 1388 (10th Cir. 1991).

This Court engaged in such an inquiry with Mr. Beecher on two occasions. During Mr. Beecher's competency hearing, held on April 18, 2024, he first requested to represent himself.[3] *See* ECF No. 66. The Court asked Mr. Beecher several questions about his decision to waive his right to counsel—seeking to impress upon him the grave nature and potential ramifications of waiver. After these questions and admonitions, Mr. Beecher still wished to waive his right to counsel. Instead of granting Mr. Beecher's request to waive counsel at the competency hearing, the Court scheduled a separate *Faretta* hearing and counseled Mr. Beecher to reflect on the seriousness of his decision in the interim.

At the *Faretta* hearing, the Court again asked Mr. Beecher if he wished to represent himself, and again, he answered in the affirmative. Subsequently, the Court conducted the standard colloquy and determined that Mr. Beecher had knowingly and intelligently waived his right to counsel and proceed pro se.

## CONCLUSION

Based on the foregoing, we find that the Defendant, Joseph Lee Beecher, after hearing this Court's admonitions on the perils of self-representation, voluntarily choose to waive his constitutional right to representation. Therefore, Defendant's request is **GRANTED**, and he shall represent himself in the criminal proceeding before this Court.

---

[3] The Court adopted the findings of the Forensic Report and held that Mr. Beecher is competent to stand trial. *See* ECF No. 68; ECF No. 64.

Additionally, we appoint Mr. Beecher's former counsel, Thomas A. Fleener, to serve as standby counsel leading up to and during Defendant's trial. Mr. Fleener shall be available to help Mr. Beecher overcome routine procedural and evidentiary obstacles should the Defendant seek to rely on his assistance.

Further, as Mr. Beecher will be representing himself, we **HEREBY ORDER** officials at the Scotts Bluff County Detention Center to afford Mr. Beecher every reasonable opportunity to prepare for trial—including liberal access to materials and the law library.

Dated this 26th day of April, 2024.

Alan B. Johnson
United States District Judge