Instruction No. 1

MEMBERS OF THE JURY:

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide your decisions. You must follow that law whether you agree with it or not.

Nothing the Court may say or do during the course of the trial is intended to indicate, nor should be taken by you as indicating, what your verdict should be.

Instruction No. 2

At the end of the trial, I will give you detailed guidance on the law and on how you will go about reaching your decision. But right now, I simply want to explain how the trial will proceed.

This is a criminal case brought by the United States Government. The Government charges the Defendant, **Joseph Lee Beecher**, with Kidnapping; Carjacking; Using/Carrying a Firearm During the Commission of a Crime of Violence; and Transporting Stolen Firearms. The charges against the Defendant are contained in the Indictment. The Indictment simply describes the charges the Government brings against the Defendant. The Indictment is not evidence and does not prove anything.

The Defendant has pleaded not guilty to the charges and is presumed innocent unless and until the Government proves the Defendant guilty beyond a reasonable doubt. In addition, the Defendant has the right to remain silent and never has to prove innocence or present any evidence.

In this case, the Government is represented by an assistant United States attorney, Margaret Vierbuchen. The Defendant, **Joseph Lee Beecher**, has decided to represent himself with minimal assistance from his court-appointed standby counsel, Thomas A. Fleener. He has a constitutional right to do this. His decision has no bearing on whether he is guilty or not guilty, and it should have no effect on your consideration of the case.

Because the Defendant has decided to act as his own lawyer, you will hear him speak at various times during the trial. He may make an opening statement and closing

4

argument and may ask questions of witnesses, make objections, and argue legal issues to the court. I want to remind you that when the Defendant speaks in these parts of the trial, he is acting as a lawyer in the case, and his words, just like the words of the prosecutor, are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

Instruction No. 3

The Defendant is charged with four separate counts:

**Count One** of the Indictment charges that from on or about February 2, 2022, through and including on or about February 3, 2022, in the District of Wyoming and elsewhere, the Defendant, **Joseph Lee Beecher**, did unlawfully and willfully seize, confine, kidnap, abduct, carry away, and hold A.E. for the purpose of ransom, reward, and otherwise, and, in committing, and in furtherance of the commission of this offense, did willfully travel and transport A.E. in interstate commerce from Colorado to Wyoming, in violation of 18 U.S.C. §1201(a)(l).

**Count Two** of the Indictment charges that from on or about February 2, 2022, through and including on or about February 3, 2022, in the District of Wyoming and elsewhere, the Defendant, **Joseph Lee Beecher**, took a motor vehicle, that is, a maroon Ford F150 XTR pickup with Colorado plates, that had been transported, shipped, and received in interstate commerce, from and in the presence of A.E. by force, violence, and intimidation, with the intent to cause death and serious bodily harm, in violation of 18 U.S.C. § 2119(1).

**Count Three** of the Indictment charges from on or about February 2, 2022, through and including on or about February 3, 2022, in the District of Wyoming, the Defendant, **Joseph Lee Beecher**, did knowingly use or carry and brandish a firearm during and in relation to a federal crime of violence, namely, carjacking, in violation of 18 U.S.C. § 2119, as more fully alleged in Count Two of this indictment, in violation of 18 U.S.C. § 924(c)(1).

6

**Court Four** of the Indictment charges from on or about February 2, 2022, through and including on or about February 3, 2022, in the District of Wyoming, the Defendant, **Joseph Lee Beecher**, knowingly possessed stolen firearms and ammunition, that is, a Bushmaster Firearms International, Model XM-15-E2S, Caliber .223-5.6MM, Serial Number: L407434, and a New England Firearms, Model SB2 Ultra, Caliber 22-250 Remington, Serial Number NR217920, and matching ammunition, which had been transported in interstate commerce, knowing and having reasonable cause to believe the firearms and ammunition were stolen, in violation of Title 18, United States Code, Sections 922(j) and924(a)(2), in violation of 18 U.S.C. § 922(j).

Instruction No. 4

The evidence in this case includes only what the witnesses say while they are testifying under oath, the exhibits that I allow into evidence, any stipulations that the lawyers agree to, and facts I judicially notice.

Certain things are not evidence, and you must not consider them:

1.  Statements, arguments, and questions by lawyers are not evidence.

2.  Objections are not evidence. Lawyers have an obligation to their clients to make an objection to a question or to a witness's answer when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it. If it is overruled, treat the answer like any other. If the objection is sustained, ignore the question. Do not attempt to guess what answer might have been given if I had allowed the answer. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

3.  Testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

4.  Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

8

Instruction No. 5

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something the witness knows through his or her own senses— something the witness has seen, felt, touched, heard, or done. If a witness testified that they saw it raining outside, and you believed them, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is "circumstantial evidence." "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach

9

conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

Instruction No. 6

Try not to be swayed by the appearance of the witness—the witness's clothing, hairstyle, or grooming. Guard against the natural tendency to believe people whose appearance is similar to your own dress and grooming. Also, be on guard against being influenced by how attractive the witness may be. Beware of an inclination to be more sympathetic to a witness who is appealing in his or her appearance. These factors are often unrelated to a witness's truthfulness. Mannerisms can also be misleading. Sometimes a truthful witness may seem to be nervous or tense. Such a witness may be intimidated by the courtroom, and some witnesses are typically nervous, fidgety, or tense in their manner.

Evaluate not just what the witness says, but how the witness says it. Pay attention to facial expression, gesture, posture, and tone of voice. Look for discrepancies between what the witness says and how the witness says it. And keep in mind that sometimes truthful witnesses may look worried because they are afraid of being disbelieved and that some liars can behave convincingly.

Instruction No. 7

The defendant in a criminal case has an absolute right under our Constitution not to testify. Whether a defendant testifies must not be considered or discussed in any way when deliberating and in arriving at your verdict. The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence. You should understand that no presumption of guilt may be raised, and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.

Instruction No. 8

This is a criminal case. There are three basic rules about criminal cases which you must keep in mind:

First, every defendant is presumed innocent until proven guilty. The Indictment against the Defendant brought by the Government is only an accusation—nothing more. It is not proof of guilt or anything else. The Defendant, therefore, starts out with a clean slate.

Second, the burden of proof is on the Government through the entirety of the case. The Defendant has no burden to prove his innocence, or to present any evidence, or to testify. Since the Defendant has the right to remain silent, the law prohibits you in arriving at your verdict from considering that the Defendant may not have testified.

Third, the Government must prove the Defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

13

Instruction No. 9

Next, a few words about your conduct as jurors. To ensure fairness, you as jurors must obey the following rules:

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case.

Second, do not read or listen to anything touching on this case in any way. If anyone should try to talk to you about it, bring it to the Court's attention promptly.

Third, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to deliberate.

Fourth, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

Fifth, during the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the litigation sees you talking to a person from the other side—even if the conversation is unrelated to these proceedings—an unwarranted and unnecessary suspicion about your fairness might arise. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to

14

talk or visit with you.

Sixth, do not read any news stories or articles about the case, or about anyone involved in it, or listen to any radio, television, or internet reports about the case or about anyone involved with it. In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals and listening to any television, radio, or internet newscasts. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or friend clip out any stories and set them aside for you to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to decide it.

Seventh, do not do any research or make any investigation on your own about any matter involved in this case. For example, that means you must not consult a dictionary, textbook, encyclopedia, talk with a person you consider knowledgeable, or go to the internet for information about some issue or person in this case. In fairness, learn about this case from the evidence you receive here at trial and apply it to the law as I give it to you.

Eighth, cellphones are not permitted in the jury room during deliberation.

Finally, do not make up your mind about what the verdict should be during the trial. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Instruction No. 10

During the course of the trial, you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information or do any research on your own. Do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

During the trial and during your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cellphone, smartphone, tablet, or computer; the internet, any internet service, internet search engine, any text or instant-messaging service, any internet chat room, blog, or any social media website or app, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Instruction No. 11

If you would like to take notes during the trial, you may. On the other hand, you are not required to do so. If you decide to take notes, I ask you to heed the following limitations:

Please do not give any more or less weight to a fellow juror who chooses not to take notes. Please take notes sparingly. Notes are for the purpose of refreshing memory only, not to summarize the testimony. Overindulgence in notetaking may be distracting. You, the jurors, must evaluate the credibility of witnesses; in doing so, you must observe the demeanor and appearance of each person on the witness stand to assist you in judging credibility. Do not let notetaking distract you from this task.

Your notes are for your own private use only. Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors. Remember, notes are personal memory aids only, and notes, just like observations, can be mistaken.

Finally, do not take your notes away from court. When you are not in court, you may keep your notes in the jury room where they will be safe and available. At the conclusion of the case, after all deliberations, a court officer will collect and destroy your notes to protect the secrecy of your deliberations.

Instruction No. 12

During the trial, it may be necessary for me to talk with the lawyer for the Government and the Defendant out of your hearing by having a sidebar bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.

I may not always grant a request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Instruction No. 13

At times during the trial, the prosecutor or the Defendant may make an objection to a question, or to an answer by a witness. This simply means that the party is properly requesting that I make a decision on a particular rule of law. You should not be influenced against either side because they have made an objection. Only by raising an objection can the parties request and obtain a ruling from the court on the admissibility of the evidence being offered. Do not attempt, moreover, to interpret my rulings on objections as somehow indicating to you how I think you should decide this case.

Instruction No. 14

During the course of the trial, I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case; I am only trying to bring out facts that you may consider.

Instruction No. 15

The trial will now begin.

First, the Government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the Defendant may make an opening statement or may reserve his opening statement until the close of the Government's case. The Defendant is not obligated to make an opening statement at all. Opening statements are not evidence but simply outlines to help you understand what each side intends to present.

Next is the presentation of evidence. The Government goes first because the Government has the burden of proof. The Government will present evidence including testimony by witnesses who may be cross-examined by the defense. Following the Government's case, the Defendant may, if the Defendant wishes, present evidence including witnesses who may be cross-examined by the Government.

After all the evidence is in, I will instruct you on the law, and then the Government and the Defendant will present their closing arguments to summarize and interpret the evidence in a way that is helpful for their positions. As with opening statements, closing arguments are not evidence. After closing arguments, I will deliver final instructions and then you will retire to deliberate on your verdict.

Instruction No. 16

MEMBERS OF THE JURY:

Now that you have heard the evidence, I will instruct you on the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in these instructions of the Court, just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You are to disregard any evidence offered at trial and rejected by the Court. You are not to consider the opening statements and the arguments of counsel as evidence. Their purpose is merely to assist you in analyzing and considering the evidence presented at trial. The lawyers may properly refer to some of the governing rules of law in their arguments. If there is any difference between the law as stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion.

3

All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Instruction No. 17

The Government has the burden of proving the Defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The Government has the burden of proving the Defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the Defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the Defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the Defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Instruction No. 18

An indictment is but a formal method of accusing a defendant of a crime. It is not evidence of any kind. As I have stated, the Defendant is presumed to be innocent of the crimes charged. Even though this Indictment has been returned against the Defendant, the Defendant began this trial with absolutely no evidence against him.

Instruction No. 19

The Defendant has pleaded "not guilty" to the charges contained in the Indictment. The pleas of "not guilty" put in issue each of the essential elements of the offenses as described in these instructions and imposes on the Government the burden of establishing each of these elements by proof beyond a reasonable doubt.

Instruction No. 20

The Indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

Instruction No. 21

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident.

Instruction No. 22

**Count One** of the Indictment charges that from on or about February 2, 2022, through and including on or about February 3, 2022, in the District of Wyoming and elsewhere, the Defendant, **Joseph Lee Beecher**, did unlawfully and willfully seize, confine, kidnap, abduct, carry away, and hold A.E. for the purpose of ransom, reward, and otherwise, and, in committing, and in furtherance of the commission of this offense, did willfully travel and transport A.E. in interstate commerce from Colorado to Wyoming, in violation of 18 U.S.C. §1201(a)(l).

10

Instruction No. 23

Section 1201(a)(1) of Title 18, United States Code. which, provides in part that:

(a) Whoever unlawfully seizes, confines,…kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person,…, when—

> (1)   the   person   is   willfully   transported   in interstate…commerce,…transported across a State boundary, or the offender travels in interstate or…in committing or in furtherance of the commission of the offense….

Instruction No. 24

The Defendant is charged in **Count One** of the Indictment with a violation of 18 U.S.C. section 1201(a)(1). This law makes it a crime to unlawfully kidnap another person and then transport that person in interstate commerce.

To find the Defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:   On or about February 2, 2022, through and including February 3, 2022;

*Second*:   In the District of Wyoming and elsewhere;

*Third*:   The Defendant, **Joseph Lee Beecher,** knowingly acting contrary to law, kidnapped A.E. by seizing, confining, kidnapping, abducting and carrying away as charged;

*Fourth*:   The Defendant kidnapped A.E. for some purpose or benefit;

*Fifth*:   The Defendant willfully transported A.E.; and

*Sixth*:   The transportation was in interstate commerce in committing or in furtherance of the offense.,

To "kidnap" a person means to unlawfully hold, keep, detain, and confine the person against that person's will. Involuntariness or coercion in connection with the victim's detention is an essential part of the offense.

The term "willfully" means that the defendant acted voluntarily and with the intent to violate the law.

12

Instruction No. 24a

The government need not show that the defendant actually did the transporting of the victim. It is sufficient to satisfy this element if the government proves that the victim was transported or was moved from one state to another and that the defendant caused the interstate transportation to occur.

Instruction No. 25

The jury need not unanimously agree on why the Defendant kidnapped the person in question, so long as each juror finds that the defendant had some purpose or derived some benefit from the kidnapping.

Instruction No. 26

The Government need not prove that the Defendant knew that he was crossing a state line with the victim. So long as the defendant crossed a state line while intentionally transporting the victim.

Instruction No. 27

**Count Two** of the Indictment charges that from on or about February 2, 2022, through and including on or about February 3, 2022, in the District of Wyoming and elsewhere, the Defendant, **Joseph Lee Beecher**, took a motor vehicle, that is, a maroon Ford F150 XTR pickup with Colorado plates, that had been transported, shipped, and received in interstate commerce, from and in the presence of A.E. by force, violence, and intimidation, with the intent to cause death and serious bodily harm, in violation of 18 U.S.C. § 2119(1).

Instruction No. 28


Section 2119(1) of Title 18, United States Code, provides in part that:

Whoever, with the intent to cause death or serious bodily harm takes a motor
vehicle that has been transported, shipped, or received in interstate or foreign
commerce from the person or presence of another by force and violence or
by intimidation, or attempts to do so . . . is guilty of an offense against the
United States.

Instruction No. 29

The Defendant is charged in **Count Two** with a violation of 18 U.S.C. § 2119. This law makes it a crime to take from or in the presence of another by force or violence or intimidation a motor vehicle that has moved in interstate commerce.

To find the Defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:        On or about February 2, 2022, through and including February 3, 2022;

*Second*:   In the District of Wyoming;

*Third*:       The Defendant, **Joseph Lee Beecher**, took a maroon Ford F-150 XTR pickup with Colorado plates from or in the presence of A.E.;

*Fourth*:    The Defendant did so by means of force, violence or intimidation;

*Fifth*:        The Defendant intended to cause death or serious bodily harm; and

*Sixth*:       The motor vehicle had been transported, shipped, or received in interstate commerce.

18

Instruction No. 30

The phrase "by use of force, violence or intimidation" means by either (1) the use of actual physical strength or actual physical violence or (2) doing some act or making some statement to put someone in fear of bodily harm.

The "intimidation" must be caused by an act knowingly and deliberately done or a statement knowingly and deliberately made by the defendant which was done or made in such a manner or under such circumstances that would produce such a reaction or such fear of bodily harm in a reasonable person. The government need not prove actual fear on the part of any person.

The government must prove beyond a reasonable doubt, however, that Defendant knowingly and deliberately did something or knowingly and deliberately said something that would cause a reasonable person under those circumstances to be fearful of bodily harm.

Instruction No. 31

The government must prove beyond a reasonable doubt is that the defendant acted with intent to cause death or serious bodily harm.

To establish this element, the government must prove that at the moment the defendant demanded or took control of the vehicle, the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car or for any other reason. You do not, however, have to find that the defendant *actually* caused any physical harm.

Evidence that the defendant intended to frighten the victim is not sufficient by itself to prove an intent to harm or kill. It is, however, one of the facts you may consider in determining whether the government has met its burden. You may also consider the fact that no one was killed or seriously injured when you consider whether the government has proven this element.

A defendant may intend to engage in certain conduct only if a certain event occurs. In this case, the government contends that the defendant intended to cause death or serious bodily harm if the victim had refused to turn over her vehicle.

If you find beyond a reasonable doubt that the defendant had such an intent, the government has satisfied this element of the offense.

20

Instruction No. 32

You are instructed that the word "take" should be used in its ordinary sense of acquiring possession, dominion or control. It is not required that the government prove that defendant intended to permanently deprive the owner of the vehicle. Further, it is not necessary that the defendant force the victim to leave the vehicle, so long as the defendant is in control of the situation.

Instruction No. 33

"Serious bodily injury" means injury that involves a substantial risk of death; extreme physical pain; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

Instruction No. 34

To prove that the defendant took the vehicle from the person or presence of another, the government must prove that the victim was sufficiently within reach, inspection or observation of the vehicle that he or she could have retained his or her possession of it if not overcome by violence or prevented by fear.

Instruction No. 35

The government need not prove that the defendant "possess[ed] a specific and unconditional intent to kill or harm in order to complete" the carjacking although that type of intent would suffice. Instead, the government can prove "that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to take the vehicle.

Instruction No. 36

**Count Three** of the Indictment charges from on or about February 2, 2022, through and including on or about February 3, 2022, in the District of Wyoming, the Defendant, **Joseph Lee Beecher**, did knowingly use or carry and brandish a firearm during and in relation to a federal crime of violence, namely, carjacking, in violation of 18 U.S.C. § 2119, as more fully alleged in Count Two of this indictment, in violation of 18 U.S.C. § 924(c)(1).

25

Instruction No. 37

Section 924(c) of Title 18, United States Code, provides in part that:

. . . any person who, during and in relation to any crime of violence . . . for which

the person may be prosecuted in a court of the United States, uses or carries a firearm . . .

is guilty of an offense against the United States.

Instruction No. 38

The Defendant, **Joseph Lee Beecher**, is charged in Count Three of the Indictment with a violation of 18 U.S.C. § 924(c)(1).

This law makes it a crime to use or carry a firearm during and in relation to any federal crime of violence for which a person may be prosecuted in a court of the United States.   To find the Defendant guilty of this crime you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

| | |
|---|---|
| ***First***: | On or about February 2, 2022, through and including February 3, 2022; |
| ***Second:*** | In the District of Wyoming; |
| ***Third:*** | The Defendant committed the crime of carjacking, as charged. You are instructed carjacking is a crime of violence; |
| ***Fourth***: | The Defendant, used or carried a firearm; and |
| ***Fifth***: | During and in relation to a crime of violence as more fully set forth in Count Two of the Indictment. |

The phrase "during and in relation to" means that the firearm played an integral part in the underlying crime, that it had a role in, facilitated (*i.e.*, made easier), or had the potential of facilitating the underlying crime.

A defendant knowingly "uses" a firearm when it (1) is readily accessible; and (2) is actively employed during and in relation to the underlying crime.

A defendant knowingly "carries" a firearm when he (1) possesses the firearm through the exercise of ownership or control; and (2) transports or moves the firearm from one place to another.

27

In determining whether the Defendant knowingly "used" or "carried" a firearm during and in relation to the underlying crime, you may consider all of the facts received in evidence including the nature of the crime, the usefulness of a firearm to the crime, the extent to which a firearm actually was observed before, during and after the time of the crime, and any other facts that bear on the issue.

A firearm plays an integral part in the underlying crime when it furthers the purpose or effect of the crime, and its presence or involvement is not the result of coincidence. The government must prove a direct connection between the Defendant's use or carrying of a firearm and the underlying crime, but the crime need not be the sole reason the Defendant used or carried the firearm.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

Instruction No. 38a

If you find the Defendant guilty of Count Three, using or carrying a firearm during and in relation to a federal crime of violence, you must then answer an additional question in the verdict form regarding whether the government has proven beyond a reasonable doubt that the Defendant brandished a firearm, as alleged in Count Three of the Indictment.

A defendant knowingly "brandishes" a firearm when he displays all or part of the firearm, or otherwise makes the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person. 18 U.S.C. § 924(c)(4) (defining the term "brandish").

29

Instruction No. 39

**Court Four** of the Indictment charges from on or about February 2, 2022, through and including on or about February 3, 2022, in the District of Wyoming, the Defendant, **Joseph Lee Beecher**, knowingly possessed stolen firearms and ammunition, that is, a Bushmaster Firearms International, Model XM-15-E2S, Caliber .223-5.6MM, Serial Number: L407434, and a New England Firearms, Model SB2 Ultra, Caliber 22-250 Remington, Serial Number NR217920, and matching ammunition, which had been transported in interstate commerce, knowing and having reasonable cause to believe the firearms and ammunition were stolen, in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2).

Instruction No. 40

Sections 922(j) and 924(a)(2) of Title 18, United States Code, provides in part that:

It shall be unlawful for any person to…possess…any stolen firearm or stolen ammunition…which has been shipped or transported in, interstate…commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

Instruction No. 41

The Defendant is charged in Count Four of the Indictment with a violation of 18 U.S.C. § 922(j). This law makes it a crime to possess stolen firearms and ammunition in interstate commerce.

To find the Defendant guilty of this crime you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

| | |
|---|---|
| *First*: | On or about February 2, 2022, through and including February 3, 2022; |
| *Second*: | In the District of Wyoming; |
| *Third*: | The firearms and ammunition as described in the indictment were stolen; |
| *Fourth*: | The Defendant, **Joseph Lee Beecher**, knowingly possessed stolen firearms or ammunition; |
| *Fifth*: | The firearm or ammunition had moved or was shipped in interstate or foreign commerce; and |
| *Sixth*: | The Defendant knew or had reasonable cause to believe the firearms or ammunition was stolen. |

"Knowingly possessed" means the defendant possessed the firearms and ammunition purposely and voluntarily, and not by accident or mistake. It also means the defendant knew the object was a firearm and ammunition.

"Reasonable cause to believe" that a firearm and ammunition is stolen means a person has knowledge of facts which, although not amounting to direct knowledge, would cause a reasonable person who knows those facts to conclude that the firearm was stolen.

32

Instruction No. 42

As to Counts One, Two and Four, interstate commerce means commerce or travel between one state, territory, or possession of the United States and another state, territory, or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation, and communication.

Instruction No. 43

As to Counts Three and Four, the term "firearm" means (A) any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; or (B) the firearm or receiver of any such weapon. A firearm, however, does not include an antique firearm.

Instruction No. 44

As to Count Four, the term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

Instruction No. 45

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or acts omitted by that person and all other facts and circumstances received in evidence that may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

Instruction No. 46

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things.

Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Instruction No. 47

MEMBERS OF THE JURY:

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the Indictment and the denial made by the "not guilty" pleas of the Defendant. You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the Defendant and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

Instruction No. 48

Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received in evidence regardless of who may have produced them.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Instruction No. 49

You are here to decide whether the Government has proved beyond a reasonable doubt that the Defendant is guilty of the crimes charged. The Defendant is not on trial for any act, conduct, or crime not charged in the Indictment.

Also, it is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged. The question of the possible guilt of others should not enter your thinking as you decide whether the Defendant has been proved guilty of the crimes charged.

Instruction No. 50

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

6

Instruction No. 51

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, the manner in which the witness testifies, the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, and demeanor or manner while on the stand. Consider the witness's ability to observe the matters as to which they testified and whether they impress you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent mis-recollection, like failure of recollection, is not an uncommon experience.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail and whether the discrepancy results from innocent error or intentional falsehood.

Instruction No. 52

In determining the weight to be given to an opinion expressed by any witness who did not testify as an expert witness, you should consider his or her credibility, the interest, if any, which the witness may have in the outcome of the trial, the extent of the witness's opportunity to perceive the matters upon which the witness's opinion is based and the reasons, if any, given for it. You are not required to accept such an opinion but should give it the weight to which you find it is entitled.

Instruction No. 53

If you find the Defendant guilty of any charge, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

Instruction No. 54

During this trial I have permitted you to take notes. Many courts do not permit notetaking by jurors, and a word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which may seem unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, your notes are only a tool to aid your own individual memory, and you should not share your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are not a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision.

Instruction No. 55

If any reference by the Court or counsel to matters or testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or counsel.

You are the sole judges of the evidence received in this case.

11

Instruction No. 56

At this point, I wish to caution you that nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

Instruction No. 57

Upon retiring to the jury room, you will select one juror to act as your presiding juror. The presiding juror will preside over your deliberations and will be your spokesperson here in court.

A verdict form has been prepared for you. You will take this form to the jury room. When you have reached unanimous agreement as to your verdict, you will have your presiding juror complete, date, and sign the form which sets forth the verdict upon which you have unanimously agreed, and you will then return with the completed form to the courtroom.

Instruction No. 58

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

Each of you must decide the case for yourself but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the sole purpose of returning a verdict.

You are not partisans. You are judges—judges of facts. Your sole interest is to ascertain the truth from the evidence in the case.

14

Instruction No. 59

If it becomes necessary during your deliberations to communicate with the Court, you may send a note via the Bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open court.

You will note from the oath about to be taken by the Bailiff that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.